SNYDER *v.* NATIONS.

SNYDER
v.
NATIONS.

A deaf and dumb person, who can be communicated with by signs, is a competent witness under our statute, if he has sufficient discretion, and understands that perjury is punishable by law, though he has no conception of the religious obligation of an oath.

ERROR to the *Greene* Circuit Court.

*Friday,
May 29.*

DEWEY, J.—Assault and battery and false imprisonment; plea, general issue, with an agreement of the parties to give all matters in evidence, which could be specially pleaded; verdict for plaintiff below; motion for a new trial overruled, and judgment on the verdict.

On the trial, the plaintiff produced a deaf and dumb person as a witness; the defendant objected to his competency; the Court, through a sworn interpreter, caused him to be examined by means of signs touching the extent of his knowledge of the nature of an oath. It appeared he understood that perjury was punishable by law, but had no conception of the religious obligation of an oath. The interpreter swore he could communicate with the witness by signs. The Court admitted the testimony of this person, the defendant still objecting.

That a witness is deaf and dumb forms no objection to his admissibility; such a person, who can be communicated with by signs, is a competent witness at common law, if he has sufficient discretion and a proper sense of the sanctity of an oath. Stark. on Ev. part 4, p. 393.—Bac. Abr. tit. Ev. A, n. (b). By a statute of this state, it is enacted that want of religious faith shall not affect the competency of a witness, but shall go only to his credibility. R. S. 1838, p. 275. This law, we conceive, removed the objection to the witness in question, which otherwise would have existed, on account of his ignorance that perjury might subject him to other than temporal punishment. The record does not inform us that he was deficient in discretion.

As the record does not profess to set out all the evidence, we must presume the Circuit Court was right in overruling the motion for a new trial.

May Term,
1840.

*Per Curiam.*— The judgment'is affirmed, with 5 *per cent.* damages and costs.

*H. L. Livingston* and *S. B. Gookins,* for the plaintiff.
*C. P. Hester,* for the defendant.